UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| Destiny Bankhead<br>9630 N. Portsmouth Ave.<br>Portland, OR 97203<br><br>    Plaintiff,<br><br>v.<br><br>Northland Group, Inc<br>c/o Cody Wayne, Registered Agent<br>9115 SW Oleson Rd, Suite 105<br>Portland, OR 97281<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around September 19, 2007, Defendant telephoned Plaintiff's mother ("Mother").

8. During this communication, Defendant disclosed to Mother that Plaintiff owed the debt.
9. During this communication, Defendant spoke to Mother in an abusive manner and questioned Mother's parenting skills in raising Plaintiff.
10. During this communication, Defendant demanded that Mother pay the debt for Plaintiff.
11. During this communication, Mother notified Defendant that Plaintiff could not be reached at Mother's residence.
12. On or around September 19, 2007, Plaintiff telephoned Defendant in response to the above referenced communication.
13. During this communication, Defendant spoke to Plaintiff in an abusive manner.
14. During this communication, Plaintiff instructed Defendant to never again telephone Mother regarding the debt.
15. Despite Mother's and Plaintiff's notice, Defendant continued to telephone Mother frequently between October 2007 and March 2008.
16. During several of these communications, Defendant again disclosed that Plaintiff owed the debt.
17. Throughout these communications, Mother repeatedly notified Defendant that Plaintiff did not reside at the number Defendant was calling, but Defendant continued to call.
18. During many of the above referenced communications, Defendant spoke to Mother in an abusive manner and repeatedly demanded that Mother pay the debt.
19. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.
20. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party disclosed that Plaintiff owed the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the Debt.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

35. The disclosure of Plaintiff's debt to this person is highly offensive.

36. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

39. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

40. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

41. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

43. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: *Thomas McAvity*
Thomas McAvity
Oregon State Bar # 00175
2633 SE Taylor
Portland, OR 97214
866-601-1918
thomas@nwdrlf.com
Attorney for Plaintiff